UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **AMERISURE INSURANCE COMPANY,** | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 4:20-cv-01089-P |
| **THERMACOR PROCESS INC., f/k/a THERMACOR PROCESS, L.P.,** | § § § § | |
| *Defendant*. | § § | |

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR DECLARATORY RELIEF ON AMERISURE'S DUTY TO INDEMNIFY

COMES NOW Defendant Thermacor Process Inc., formerly known as Thermacor Process, L.P. ("Thermacor" or "Defendant"), and moves this court to dismiss, pursuant to FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6), Amerisure Insurance Company's ("Amerisure" or "Plaintiff") claims for declaratory relief that it has no duty to indemnify Thermacor under the Policy, as set forth in Amerisure's Original Complaint. In support, Thermacor respectfully shows the Court as follows:

### I.   INTRODUCTION

Amerisure seeks declaratory relief as to its duty to indemnify Thermacor in connection with allegations asserted by the Regents of the University of California ("Regents") against Thermacor in, Case No. CV19-287 filed on February 6, 2019 in Yolo County, California (the "Underlying Suit"). Because judgment has yet to be entered in the Underlying Suit, Amerisure has failed not only to allege a justiciable controversy of sufficient ripeness to confer jurisdiction on this court as required by Rule 12(b)(1), but also to state a claim upon which relief can be

granted as required by Rule 12(b)(6).  Dismissal of Amerisure's claims for declaratory relief as to its potential indemnity obligation is therefore warranted.

## II.     FACTUAL BACKGROUND

1.      On or about February 6, 2019, Thermacor was included by the Regents as a named defendant in the Underlying Suit. The Regents asserted, among other things, extremely broad property-damage-pleading allegations against Thermacor, which undisputedly triggered Amerisure's defense coverage obligations.

2.      Amerisure belatedly acknowledged the property damage pleading allegations set forth in the Underlying Suit triggered its defense coverage obligations under the Texas "eight-corners" doctrine.  In clear and unequivocal terms, Amerisure responded to Thermacor's request for defense coverage and stated: "Thermacor acknowledges a duty to defend Thermacor in [the Underlying Suit] and has retained the law firm of Trainor Fairbrook to represent Thermacor in the [Underlying Suit]."  Rather than provide Thermacor with a complete defense, Amerisure provided Thermacor with a "partial" defense of the Underlying Suit.

3.      Inexplicably, after more than a year of litigation (and after it obtained Thermacor's confidential and privileged information developed in connection with the Underlying Suit), Amerisure sued Thermacor alleging the third-party pleading allegations it possessed for more than a year-and-a-half now mysteriously negate both its defense and indemnity coverage allegations.

4.      The Underlying Suit is ongoing, no adjudication of liability has been assessed in connection with the Underlying Suit, and absolutely no final judgment has been rendered in the Underlying Suit.

### III.  STATEMENT OF THE ISSUES

5. The primary issue for the Court's determination is whether Amerisure's potential duty to indemnify is currently ripe for adjudication. Specifically, the Court should consider whether dismissal of Amerisure's claims for declaratory relief on the duty to indemnify is warranted given that Amerisure has (1) failed to allege a justiciable controversy of sufficient ripeness to confer jurisdiction on this Court, and (2) failed to state a claim upon which relief can be granted.

### IV.  ARGUMENT & AUTHORITIES

**A.  Rule 12(b)(1) Legal Standard.**

6. Rule 12(b)(1) allows for a pre-answer challenge to subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A federal court may exercise jurisdiction over an actual controversy, but not premature or speculative issues. *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002). "As a general rule, an actual controversy exists where 'a substantial controversy of sufficient immediacy and reality exists between parties having adverse legal interests.'" *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000). Claims that are not ripe for review are properly dismissed for "lack of subject-matter jurisdiction" pursuant to Rule 12(b)(1). *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714-715 (5th Cir. 2012). A claim is not ripe if it "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998). The ripeness doctrine is designed to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012) (citation omitted). Under this

standard, dismissal of Amerisure's claim for declaratory relief as to its potential indemnity obligation is warranted.

### B.     Rule 12(b)(6) Legal Standard.

7.      A party may move to dismiss a claim against it based on the claimant's "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). The purpose of a 12(b)(6) motion to dismiss is to test the legal sufficiency of the plaintiff's pleadings. *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). In order to survive a 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005). Under Rule 12(b)(6), the Court must dismiss the claim if, taking plaintiff's well-pleaded allegations as true and resolving all reasonable inferences in its favor, plaintiff fails to state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under this standard, dismissal of Amerisure's claim for declaratory relief as to its potential indemnity obligation is likewise warranted.

### C.     The Duty to Indemnify is Ascertained by Liability Facts and is Almost Never Ripe for Adjudication Before Resolution of the Underlying Litigation.

8.      While the duty to defend depends on the allegations in the pleadings, the "duty to indemnify is triggered by the actual facts that establish liability in the underlying lawsuit." *Columbia Cas. Co. v. Ga. & Fla. RailNet, Inc.*, 542 F.3d 106, 111 (5th Cir. 2008) (internal quotations omitted). Accordingly, Texas law generally prohibits the determination of the duty to

indemnify before the conclusion of the underlying lawsuit.[1] *D.R. Horton-Texas, Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743-44 & n.2 (Tex. 2009); s*ee also ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 844 (5th Cir. 2012) ("[T]he insurer's duty to indemnify generally cannot be determined until the underlying suit has been resolved."); *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 536 (5th Cir. 2004) (holding under Texas law that district court would err by determining indemnity issue prior to completion of underlying lawsuit).  "Any such [determination] would be purely advisory." *Transcontinental Realty Investors, Inc. v. Orix Capital Markets, LLC*, 353 S.W.3d 241, 244 (Tex. App.—Dallas 2011, pet. denied).

9.   Under extremely limited circumstances, not present here, Texas courts have recognized an exception to this rule. *See Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997). The holding in *Griffin*, however, is incredibly fact-specific and only applies when no set of facts could bring a claim within the purview of coverage. *D.R. Horton*, 300 S.W.3d at 745 ("[The *Griffin* holding] was not based on a rationale that if a duty to defend does not arise from the pleadings, no duty to indemnify could arise from proof of the allegations in the petition."); *Bedivere Ins. Co. v. Pacific Can & Storage of Texas, Inc.*, No. 3:16-CV-1111-D, 2017 WL 2572775, *6 (N.D. Tex. June 14, 2017) (mem. op.) ("The Texas Supreme Court has since clarified that this exception from *Griffin* was grounded on the impossibility that the … case

---

[1] Under Texas law, the duty to defend and the duty to indemnify are distinct and separate duties. *Colony Ins. Co. v. Peachtree Constr. Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). Because the only two documents relevant to the duty-to-defend inquiry are the insurance policy and the petition, an insurer's duty to defend can be determined at the moment the petition is filed. *Id*. at 253. In contrast, an insurer's duty to indemnify generally cannot be ascertained until the completion of litigation, when liability is established, if at all. *Id*. This is because, unlike the duty to defend, which turns on the pleadings, **the duty to indemnify is triggered by the actual facts establishing liability in the underlying suit**, and whether any damages caused by the insured and later proven at trial are covered by the terms of the policy. *Id*.

could be transformed by proof of any conceivable set of facts into [an occurrence] covered by the insurance policy.") (citing *D.R. Horton*, 300 S.W.3d at 745).  Despite what Amerisure suggests, *Griffin* does not stand for a broad proposition that "if a duty to defend does not arise from the pleadings, no duty to indemnify could arise from proof of the allegations in the petition."  *See Peachtree*, 647 F.3d at 254 ("Where there has been an underlying trial on the issue of liability, the facts adduced at trial might differ from the allegations, and thus a duty to indemnify could be shown notwithstanding the absence of a duty to defend."); *D.R. Horton*, 300 S.W.3d at 745; *Bedivere*, 2017 WL 2572775 at *6.

**D.     Amerisure's Indemnity Obligations are not Ripe for Adjudication.**

10.    It is undisputed that no final judgment has been entered in the Underlying Suit.  Accordingly, it is entirely premature for the Court to render an advisory opinion or declaration that Amerisure is able to escape its contractual obligation to indemnify Thermacor for a hypothetical final judgment that has not yet been rendered (and may never be rendered) in the Underlying Suit.

11.    Amerisure cannot rely on the extremely narrow *Griffin* exception to bypass the general rule that until an underlying suit has been resolved an insurer's duty to indemnify cannot be determined.  The present matter is not akin to *Griffin* (wherein the insured attempted to turn an intentional drive-by shooting into a covered auto accident) and Amerisure has failed to affirmatively demonstrate that: (1) the pleading allegations set forth in the Underlying Suit conclusively negate its potential indemnity coverage obligations should liability be imposed against Thermacor; and (2) under no set of facts could Amerisure's hypothetical indemnity obligation be triggered in connection with the Underlying Suit.  Despite what Amerisure unilaterally contends, any attempt to adjudicate Amerisure's potential indemnity obligation

before the Underlying Suit is resolved would require this Court to entangle itself in "abstract disagreements," *Greenstein*, 691 F.3d at 715, regarding "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas*, 523 U.S. at 300.

12. Given the one event that could trigger potential coverage—the entry of a final judgment in the Underlying Lawsuit—has not yet occurred, there is a complete dearth of any substantial, immediate, and present justiciable controversy between the parties that would support Amerisure's claim for declaratory judgment on its potential indemnity obligation. Because adjudication of Amerisure's hypothetical indemnity obligation is not ripe, this Court lacks subject-matter jurisdiction as to the same. Accordingly, this Court should dismiss Amerisure's claims seeking declaratory relief on its indemnity obligation pursuant to Rules 12(b)(1) and 12(b)(6). *See Adsil, Inc.*, 2016 WL 4617449 at *5 (dismissing indemnity claim under Rule 12(b)(1)); *Klein v. O'Neal, Inc.*, No. 7:03-CV-102-D, 2009 WL 3573849, at *1 (N.D. Tex. Oct. 30, 2009) (dismissing indemnity claim under FED. R. CIV. P. 12(b)(6)).

## V.     CONCLUSION

For the reasons set forth herein, Thermacor respectfully prays that this Court dismiss Amerisure's claims for declaratory relief on its duty to indemnify Thermacor, as set forth in Amerisure's Original Complaint, because: (1) Amerisure has failed to allege a justiciable controversy of sufficient ripeness to confer jurisdiction pursuant to Rule 12(b)(1), and (2) because Amerisure has failed to state a claim on which relief can be granted pursuant to Rule 12(b)(6). Thermacor respectfully requests the Court grant it all other and further relief to which it is justly entitled, whether at law or in equity.

Dated: October 30, 2020                    Respectfully submitted,

                                                             */s/ Bill Warren*

Bill Warren
State Bar No. 00786331
bill.warren@kellyhart.com
Derek W. Anderson
State Bar No. 24012215
derek.anderson@kellyhart.com
Jonathan Petree
State Bar No. 24116897
jonathan.petree@kellyhart.com
**KELLY HART & HALLMAN, LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was delivered on October 30, 2020 to Plaintiffs' counsel, as follows, in accordance with the Federal Rules of Civil Procedure, via the court's ECF system.

| | |
|---|---|
| Christopher Martin<br>martin@mdjwlaw.com<br>Amber Dunten<br>dunten@mdjwlaw.com<br>Melinda Burke<br>burke@mdjwlaw.com<br>Martin, Disiere, Jefferson & Wisdom, LLP<br>808 Travis, Suite 1100<br>Houston, Texas 77002 | |

                                                            */s/ Bill Warren*
                                                            Bill Warren