IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERISURE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:20-cv-01089-P |
| THERMACOR PROCESS, INC. F/K/A THERMACOR PROCESS, L.P., | § § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION & ORDER

There is currently pending a lawsuit in California state court ("California Suit"). In the California Suit, Thermacor Process, Inc. f/k/a Thermacor Process, L.P. ("Thermacor") has been sued for damages arising out of the allegedly defective installation of Thermacor's pipe system and the fact that the pipe system itself is allegedly defective. Orig. Compl. at ¶ 4.2, ECF No. 1. Amerisure Insurance Company ("Amerisure") is Thermacor's liability insurance provider pursuant to a commercial general liability insurance policy ("Policy") issued by Amerisure to Thermacor. *Id.* at ¶ 4.1.

While the California Suit remains pending, Amerisure filed the instant Original Complaint and Request for Declaratory Judgment ("Orig. Compl."), seeking a declaratory judgment from this Court that under the Policy, Amerisure has no duty to defend Thermacor in the California Suit, that Amerisure has no duty to indemnify Thermacor for any damages arising out of the California Suit, and that the Policy does not cover tear-out

costs.  Orig. Compl. at 7–11; ECF No. 1.  Thermacor answered and, *inter alia*, asserted a declaratory judgment counterclaim, seeking a declaratory judgment from the Court that Amerisure has a continuing duty to provide a complete (rather than pro rata defense) in the California Suit, that Amerisure has forfeited its right to control the defense or use certain confidential materials in the California Suit, that Thermacor is entitled to independent counsel in defending the California Suit, and that Amerisure is not entitled to reimbursement from Thermacor for any defense fees and costs paid by Amerisure in defending the California Suit.  *See* ECF No. 27 at ¶ 8.

Now before the Court are motions to dismiss from both sides.  ECF Nos. 14, 18. For the reasons stated below, the Court finds that Thermacor's Motion to Dismiss should be **DENIED** and Amerisure's Motion to Dismiss should be **DENIED.**

## BACKGROUND[1]

### A.    The California Suit

This declaratory judgment action follows a lawsuit filed on February 6, 2019 in California state court against Thermacor and other defendants, arising out of an alleged

---

[1]The Court draws its factual account from the allegations in Amerisure's Original Complaint and Thermacor's Original Counterclaim and the attachments thereto.  *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citations omitted); *Manguno v. Prudential Prop. & Case. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002) (noting that when considering a Rule 12(b)(6) motion to dismiss, "all facts pleaded in the complaint must be taken as true"); *see also Harris v. Meridian Sec. Ins. Co*., No. 4:19-CV-00507-P, 2019 WL 5457027, at *3 (N.D. Tex. Oct. 24, 2019) (Pittman, J.) ("A court may also consider documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims." (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000))).

2

failed steam pipe system. Orig. Compl. at ¶¶ 4.1–4.2, Ex. A at ¶ 16; ECF No. 1. The Regents of the University of California ("Regents")—the plaintiff in the California Suit—alleges that Thermacor supplied a pipe system as part of a network of steam pipelines and condensate return lines that are used primarily to heat various buildings on the University of California, Davis ("UC Davis") campus. *Id.* According to its complaint, Regents contracted with various parties to install various lines in a series of projects running from 2009 to 2013. Orig. Compl., Ex. A at ¶ 19. Regents alleges that Thermacor was aware of and involved with contracts with the installing parties to provide its pipe system. *Id.* at ¶ 20. Regents believes Thermacor was involved with providing installation instruction as well as supervision of critical periods of installation of the pipes at UC Davis. *Id.* at 21.

Regents asserts that within the last two years, it has become aware that the pipe system is "plagued by the complete destruction of the installation." *Id.* at 22. And while Regents believes contractors' errors during the installation occurred, Regents also contends that Thermacor's pipe system is inherently defective. *Id.* Due to these problems, Regents claims Thermacor's pipe system is failing and will need to be replaced in only a few years and that Regents has incurred significant damages for investigation and temporary repairs, as well as future costs to remove and replace the damaged pipes. *Id.* at ¶¶ 23–24. Regents brings claims against Thermacor for negligence, breach of certain warranties, and products liability. *Id.* at ¶¶ 25–32, 41–55.

## B.   The Policy

Thermacor paid a premium of $31,095 to Amerisure, and Amerisure issued Thermacor a commercial general liability insurance and commercial property coverage

3

insurance policy, effective from August 11, 2011 to August 11, 2012.  Orig. Compl. at ¶ 4.1, Ex. B; Amend. CC at ¶ 1, ECF No. 27.  Amerisure contends that the claims against Thermacor in the California Suit are not covered by the Policy.  The relevant provision of the Policy that Amerisure asserts are as follows:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

. . . .

    **b.**    This insurance applies to "bodily injury" and "property damage" only if:

        **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)**    The "bodily injury" or "property damage" occurs during the policy period.

. . . .

**2.**    **Exclusions**

This insurance does not apply to:

. . . .

4

    **j.**    "Property damage" to:

. . . .

    **(5)**    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

    **(6)**    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.  This exclusion does not apply to liability assumed under a sidetrack agreement or to "property damage" included in the "products-completed operations hazard".

. . . .

    **k.**    **Damage to Your Product**

"Property damage" to "your product" arising out of it or any part of it.

    **l.**    **Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

    **m.**    **Damage to Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of :

    **(1)**    A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work", or

    **(2)**    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

5

. . . .

## SECTION V – DEFINITIONS

. . . .

**8.**      "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

    **a.**      It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    **b.**      You have failed to fulfill the terms of a contract or agreement; if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

. . . .

**13.**      "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

. . . .

**17.**      "Property damage" means:
    **a.**      Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.**      Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

. . . .

**21.**      "Your product":

    **a.**       Means:

        **(1)**      Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

> **(a)** You;
>
> **(b)** Others trading under your name; or
>
> **(c)** A person or organization whose business or assets you have acquired; and
>
> **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.
>
> **b.** Includes:
>
> **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
>
> **(2)** The providing of or failure to provide warnings or instructions.

Orig. Compl. at ¶ 4.1, Ex. B.

## C.     Procedural History

On September 22, 2020, Amerisure filed this suit against Thermacor, requesting a declaratory judgment from the Court that with respect to the California Suit, Amerisure has no duty to defend and no duty to indemnify under the Policy.   Orig. Compl. at ¶ 6.1. Amerisure expressly pleads that it does not seek to recover damages or attorney's fees in connection with this suit. *Id.* at ¶¶ 5.7–5.8.  In spite of these contentions, Amerisure alleges that it has nevertheless agreed to defend Thermacor in the California Suit, subject to a reservation of rights and this suit seeking in a declaration that it has no duty to defend or indemnify Thermacor.  *Id.* at ¶ 4.3.  Amerisure further asserts that it will provide such a defense in the California Suit "until its obligation to defend Thermacor is adjudicated[.]" *Id.* at ¶ 4.4.

7

Thermacor responded by filing an answer and asserting its own declaratory judgment counterclaim. ECF No. 15. Thermacor asserts that it properly notified Amerisure of the California Suit and requested defense coverage, and while Amerisure has provided a defense, Thermacor complains that Amerisure failed to provide a complete defense. Amend. CC. at ¶ 3, ECF No. 27. Thermacor further complains that Amerisure sent a reservation-of-rights letter on June 13, 2019, unilaterally asserting that it reserved its right to seek reimbursement for defenses costs. *Id.* at ¶ 4. Thermacor alleges that not only has Amerisure failed to provide a complete defense in the California suit, but it has "attempted to communicate with [Regents] in an attempt to include [it] in this coverage lawsuit." *Id.* at ¶ 5. And these actions were taken after Amerisure had "embedd[ed] itself in in Thermacor's defense (and obtaining Thermacor's confidential and privilege materials) in the [California Suit]" which, according to Thermacor, creates an "obvious and substantial conflict of interest . . . ." *Id.* Thus, Thermacor seeks a declaratory judgment that (1) Amerisure has a continuing duty to provide a "complete" rather than a "pro rata" defense; (2) Amerisure forfeited its right to control Amerisure's defense; (3) Thermacor is entitled to independent counsel in the California Suit; and (4) Amerisure is not entitled to reimbursement for defense fees and costs paid in the California suit. *Id.* at ¶ 8.

Thermacor filed a 12(b)(1) and 12(b)(6) motion to dismiss (ECF No. 14), Amerisure responded (ECF No. 19), and Thermacor replied (ECF No. 23). Amerisure filed its own 12(b)(6) motion to dismiss Thermacor's counterclaim (ECF No. 18), Thermacor responded (ECF No. 21), and Amerisure replied (ECF No. 24). The motions to dismiss are now ripe for review.

8

## LEGAL STANDARDS

### A.      Rule 12(b)(1)

A district court's grant of a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is reviewed de novo.  *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012).  The jurisdictional issue of ripeness is a legal question for which review is also de novo.  *Id.*  The plaintiff, as the party asserting jurisdiction, bears the burden of proof.  In assessing jurisdiction, the district court is to accept as true the allegations and facts set forth in the complaint.  Additionally, a district court "is empowered to consider matters of fact which may be in dispute." *Id.* (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

A district court consequently has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

"[A] motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief."  *Ramming*, 281 F.3d at 161.

### B.      Rule 12(b)(6)

"[T]he Federal Rules of Civil Procedure require a party to formulate their pleadings in a manner that is organized and comprehensible."  *Boswell v. Honorable Governor of Texas*, 138 F. Supp. 2d 782, 785 (N.D. Tex. 2000) (Mahon, J.).  Federal Rule of Civil

Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(e)(1) provides that although no technical forms of pleadings are required, each claim shall be "simple, concise, and direct." FED. R. CIV. P. 8(e)(2).

If a plaintiff fails to satisfy Rule 8(a), the defendant may move to dismiss the plaintiff's claims under Rule 12(b)(6) for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere allegations." *Boswell*, 138 F. Supp. 2d at 785 (citing *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989)). "While a complaint need not outline all the elements of a claim, the complaint must be comprehensible and specific enough to draw the inference that the elements exist." *Id.* (citing *Walker v. S. Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Ledesma v. Dillard Dep't Stores, Inc.*, 818 F. Supp. 983, 984 (N.D. Tex. 1993)). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

In reviewing a Rule 12(b)(6) motion, the Court accepts all well-pleaded facts in the complaint as true and views them in the light most favorable to the plaintiff. *Sonnier v.*

*State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007).  The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Iqbal*, 556 U.S. at 678–79.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.  When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* at 678–79.  "The ultimate question in considering a motion to dismiss is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff."  *Boswell*, 138 F. Supp. 2d at 785 (citing *Lowery v. Texas A & M Univ. Sys.*, 117 F.2d 242, 247 (5th Cir. 1997)).

## ANALYSIS

### A.   Texas law regarding the interpretation of an insurance policy

Under Texas law, "insurance policies are contracts."  *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008) (citing *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 665 (Tex. 1987)).  Thus, the rights and obligations arising from insurance policies and the rules used to construe them are those generally pertaining to contracts.  *Ulico Cas. Co.*, 262 S.W.3d at 778 (citing *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133 (Tex. 1994)). If an insurance contract covers certain risks but the policy contains exclusions or limitations of coverage, when the insured makes a claim for loss from a covered risk, the insurer must assert any applicable exclusion or limitation to avoid liability.  *Ulico Cas. Co.*, 262 S.W.3d at 778.  The insurer has neither a "right" nor a burden to assert noncoverage of a risk or loss until the insured shows that the risk or loss is covered by the terms of the policy.  *Id.*

11

Once the insured does so, the insurer has the right to assert any exclusions or limitations as affirmative defenses.  *See id.*

**B.     Texas law regarding an insurer's duty to defendant and duty to indemnify**

"An insurer's duty to defend and duty to indemnify are distinct and separate duties." *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82 (Tex. 1997) (citing *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 821–22 (Tex. 1997)).  "Thus, an insurer may have a duty to defend, but eventually, no duty to indemnify."  *Id.*

1.     An Insurer's Duty to Defend

"The duty to defend arises when a third party sues the insured on allegations that, if taken as true, potentially state a cause of action within the terms of the policy."  *Paul Guardian Ins. Co. v. Centrum GS Ltd.*, 283 F.3d 709, 713 (5th Cir. 2002).  "Under Texas law, an insurer's duty to defend is determined by the 'eight-corners rule.'" *Allied World Specialty Ins. Co. v. McCathern, P.L.L.C.*, 802 F. App'x 128, 131 (5th Cir. 2020) (quoting *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 491 (Tex. 2008)).  The eight-corners rule refers to the insurance policy and the pleadings in the underlying suit.  *Id.* (citing *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006)).

When determining whether an insurer has a duty to defend under the policy and pleadings, the court's focus is not on the legal theories, merits of the claim, or truth or falsity of the allegations.  *Griffin*, 955 S.W.2d at 82.  Rather, the court's focus is on the factual allegations and whether there is a possibility that any claim might be covered. *Allied World Specialty Ins. Co.*, 802 F. App'x at 131.  "An insurer owes the duty if the

12

petition in the underlying suit contains factual allegations which fall within the scope of coverage provided for in the insurance policy."  *Id.*

All doubts concerning the duty to defend must be resolved in favor of the insured. *Gulf States Ins. Co. v. Alamo Carriage Serv.*, 22 F.3d 88, 90 (5th Cir. 1994); *see also Gore Design Completions, Ltd. v. Hartford Fire Ins. Co.*, 538 F.3d 365, 368 (5th Cir. 2008) (explaining that "[t]he rule is very favorable to insureds because doubts are resolved in the insured's favor").  The insured has the initial burden of demonstrating that the claims against it in the underlying lawsuit are potentially covered by its contract for insurance. *Canutillo Indep. Sch. Dist. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 99 F.3d 695, 701 (5th Cir. 1996); *Am. Equity Ins. Co. v. Castlemane Farms, Inc.*, 220 F. Supp. 2d 809 (S.D. Tex. 2002).  The insurer then bears the burden of proving the applicability of any exclusions or limitations to coverage.  *See Canutillo*, 99 F.3d at 701.  "[W]hen the plaintiff's petition makes allegations which, if proved, would place the plaintiff's claim within an exclusion from coverage, there is no duty to defend."  *Gulf States Ins. Co.*, 22 F.3d at 90.

### 2.   An Insurer's Duty to Indemnify

"Facts, however, not allegations, determine an indemnitor's duty to indemnify." *Westport Ins. Corp. v. Atchley, Russell, Waldrop & Hlavinka, L.L.P.*, 267 F. Supp. 2d 601, 625 (E.D. Tex. 2003) (citing *Tesoro Petroleum Corp. v. Nabors Drilling, USA, Inc.*, 106 S.W.3d 118, 125 (Tex. App.—Houston [1st Dist.] 2002, pet. denied)).  The duty to defend may be triggered by the pleadings, but the duty to indemnify is based on the jury's findings. *Griffin*, 955 S.W.2d at 82.  Thus, the actual facts determined in the underlying litigation,

13

or as otherwise made available, determine whether the insurer has the duty to indemnify. *See Chiriboga v. State Farm Mut. Auto. Ins. Co.*, 96 S.W.3d 673, 680 (Tex. App.—Austin, not pet.) (citing *Trinity Univ. Ins. Co. v. Cowan*, 945 S.W.2d 819, 821 (Tex. 1997)). "Generally, Texas law only considers the duty-to-indemnify question justiciable after the underlying suit is concluded, unless 'the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify.'" *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 529 (5th Cir. 2004) (quoting *Griffin*, 955 S.W.2d at 84).

## C.    The Declaratory Judgment Act

The Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, gives federal courts broad discretion to grant or refuse to grant declaratory judgment. *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991). In determining whether to decide a declaratory judgment action, the court must ascertain: (1) if the action is justiciable; (2) if the court has authority to grant the requested relief; and (3) whether the court should exercise its discretion to decide the action. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). With respect to justiciability, a federal court may not issue a declaratory judgment unless there exists an "actual controversy." *See Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986) (citing *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). As this Court has explained, "The Declaratory Judgment Act does not exempt federal district courts from the constitutional requirement that there be an actual controversy between the parties." *Standard Fire Ins. Co. v. Sassin*, 894 F. Supp. 1023, 1026 (N.D. Tex. 1995). An actual controversy may exist when an insurance carrier

14

seeks a declaratory judgment that it has a duty neither to defend nor indemnify its insured in a state court action that has not yet proceeded to judgment. *See Western Heritage Ins. Co. v. River Entertainment*, 998 F.2d 311, 315 (5th Cir. 1993); *see also Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998) (concluding that "[t]he district court thus had jurisdiction to rule on the duty to indemnify despite the fact that the underlying state court suit had not yet reached final judgment").

Courts have declined to exercise their discretion to decide declaratory judgment actions where deciding that action would be redundant in light of the affirmative causes of action before the Court. *See St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir. 1994) (considering "whether retaining the lawsuit would serve the purposes of judicial economy" among seven nonexclusive factors to consider when deciding whether to decide or dismiss a declaratory action); *Great Am. Ins. Co. v. Goin*, No. 3:15-cv-75-L, 2017 WL 4238698, at *4 (N.D. Tex. Sept, 25, 2017) ("This court has previously declined in its discretion to adjudicate declaratory judgment actions that are duplicative of other claims in the same case. Further, district courts in this Circuit regularly reject declaratory judgment claims seeking the resolution of issues that are the mirror image of other claims in a lawsuit." (citations omitted)); *Everett Fin., Inc. v. Primary Res. Mort., Inc.*, No. 3:14-cv-1028-D, 2016 WL 7378937, at *18 (N.D. Tex. Dec. 20, 2016) ("This court has often declined in its discretion to adjudicate declaratory judgment actions that are duplicative of other claims in the same case. It has also declined to do so when the declaratory judgment action is merely the mirror image of another claim." (citations omitted)); *Burlington Ins. Co. v. Ranger Specialized Glass, Inc.*, No. 4:12-cv-1759, 2012 WL 6569774, at *2 (S.D. Tex.

Dec. 17, 2012) ("If a request for a declaratory judgment adds nothing to an existing lawsuit, it need not be permitted. Courts in the Fifth Circuit have regularly rejected declaratory judgment claims that seek resolution of matters that will already be resolved as part of the claims in the lawsuit." (citations omitted)).

A declaratory judgment action is redundant for this reason if resolution of the affirmative claims and counterclaims before the Court would resolve all questions that the declaratory judgment action raises. *See Centex*, 2014 WL 1225501, at *14; *Redwood Resort Props., LLC v. Homes Co. Ltd.*, No. 3:06-cv-1022-D, 2007 WL 1266060, at *4–5 (N.D. Tex. April 30, 2007)).  In making this determination, "the Court should consider 'potential qualitative differences between merely prevailing in [the] lawsuit, and receiving an affirmative declaration of rights to a declaratory judgment.'" *Centex*, 2014 WL 1225501, at *14 (quoting *Blackmer v. Shadow Creek Ranch Development Co. Ltd. P'ship*, No. H-07-681, 2007 WL 7239968, at *1 (S.D. Tex. June 26, 2007)); *see also Klein*, 2014 WL 4476556, at *9; *Evanston Ins. Co. v. Graves*, No. 3:13-CV-959-D, 2013 WL 4505181, at *1 (N.D. Tex. Aug. 23, 2013).

## D.     Thermacor's counterclaim is not a mirror image or duplicative of Amerisure's request for declaratory judgment.

The Court first resolves Amerisure's contention that Thermacor's declaratory judgment counterclaim in which Thermacor seeks a declaration that Amerisure has a continuing duty to provide a complete rather than pro rata defense is duplicative or a mirror image of its declaratory judgment claim, and thus, should be dismissed.  Amerisure's MTD at 3.

16

Considering the difference in Thermacor simply prevailing on Amerisure's declaratory judgment claim versus obtaining its affirmative declaration of rights under the Policy, the Court finds that Thermacor's counterclaim is not a mirror image or duplicative. If Thermacor simply prevailed on Amerisure's declaratory judgment action and thus established Amerisure's duty to defend, there would still be a question as to what kind of defense Amerisure is required to provide. Thermacor seeks a declaration of a full or "complete" defense rather than a "pro rata" defense. Moreover, Thermacor seeks the right to control its defense and select independent counsel. If left to Amerisure's declaratory judgment action, these issues would be unresolved. *See Centex Homes*, 2014 WL 1225501, at *15 (rejecting attempted dismissal of alleged mirror image declaratory judgment counter claim because "[d]efendant seeks a different declaration—essentially, that it had the right to control the defense and appoint the counsel" and "[u]nder Plaintiff's Complaint, the Court could—hypothetically—find that Defendant breached its duties and violated the Texas Insurance Code without an affirmative determination regarding whether Defendant had a right to control the defense and appoint counsel").

Therefore, Amerisure's Motion to Dismiss Thermacor's declaratory judgment counterclaim as to the scope of the defense is **DENIED.**

## E.     Thermacor has pled facts supporting its claim that it is entitled to independent counsel.

The Court next addresses Amerisure's Motion to Dismiss Thermacor's request for declaratory judgment that the defense be independently selected by Thermacor. Amerisure's MTD at 3. Amerisure argues that the request should be dismissed because

17

the mere fact that a conflict exists—as evidenced by Amerisure's filing of this lawsuit and its reservation-of-rights letter—is insufficient to demonstrate Thermacor now has a right to choose independent counsel. *Id.* at 3–4. Thermacor responds that it has pled facts that if true, are sufficient to establish its right to control its defense in the California Suit and obtain independent counsel. MTD Resp. at 8–9.

An insurer's "right to defend" a lawsuit encompasses "the authority to select the attorney who will defend that claim and to make other decisions that would normally be vested in the insured as the named party in the case." *N. Cnty. Mut. Ins. Co. v. Davalos*, 140 S.W.3d 685, 688 (Tex. 2004). Thus, under Texas law, an insured does not have a right to choose independent counsel and require the insurer to reimburse the expenses unless "the facts to be adjudicated in the liability lawsuit are the same facts upon which coverage depends." *Id.* Put differently, a "conflict of interest does not arise unless the outcome of the coverage issue can be controlled by counsel retained by the insurer for the defense of the underlying claim." *Rx.com Inc. v. Hartford Fire Ins. Co.*, 426 F. Supp. 2d 546 (S.D. Tex. 2006) (citing *Davalos*, 140 S.W.3d at 689).

Amerisure is correct that under Texas law, not every potential conflict when an insurer sends a reservation-of-rights letter creates a right to independent counsel. *See Davalos*, 140 S.W.3d at 689 ("Every disagreement about how the defense should be conducted cannot amount to a conflict of interest . . . ."); *Partain v. Mid–Continent Specialty Ins. Servs., Inc.*, 838 F. Supp. 2d 547, 567 (S.D. Tex. 2012) ("[R]eservation of rights letters do not necessarily create a conflict between the insured and the insurer. Rather, a reservation of rights letter only recognizes the possibility that such a conflict may

18

arise in the future.") (cleaned up).  However, Thermacor has alleged that this case is different because Amerisure did not simply send a reservation-of-rights letter upon providing a defense in the California Suit, but Amerisure took the additional step of filing this suit against Thermacor while the California Suit is pending.  Amend. CC at ¶ 5. Moreover, Thermacor alleges that Amerisure "attempted to communicate with [Regents] in an attempt to include [it] in this coverage lawsuit." *Id.*  The Court agrees that on these facts, Thermacor has stated a claim for a declaratory judgment that it can control its defense and obtain independent counsel.

Therefore, Amerisure's Motion to Dismiss Thermacor's declaratory judgment counterclaim that Amerisure forfeited its right to control Amerisure's defense and that Thermacor is entitled to independent counsel in the California Suit is **DENIED.**

## F.      The motion to dismiss Amerisure's duty to indemnify claim is itself not ripe.

In its motion to dismiss, Thermacor challenges Amerisure's request for a declaratory judgment that Amerisure has no duty to indemnify Thermacor for damages that may arise out of the California Suit.  MTD at 3, ECF No. 14.  Thermacor contends that such a request is not ripe and should be dismissed under Rule 12(b)(1) and 12(b)(6) because no final adjudication has occurred in the California Suit, so any determination on a duty to indemnify would be advisory.  *Id.* at 5 (quoting *Transcontinental Realty Investors, Inc. v. Orix Capital Markets, LLC*, 353 S.W.3d 241, 244 (Tex. App.—Dallas 2011, pet. denied)).

Under Texas law, "an insurer's duty to indemnify generally cannot be ascertained until the completion of litigation, when liability is established, if at all." *Colony Ins. Co. v. Peachtree Constr. Ltd.*, 647 F.3d 248, 253 (5th Cir. 2011) (citing *Griffin*, 955 S.W.2d at

84).  However, "[T]he duty to indemnify is justiciable before the insured's liability is

determined in the liability lawsuit when the insurer has no duty to defend and the same

reasons that negate the duty to defend likewise negate any possibility the insurer will ever

have a duty to indemnify."  *Griffin*, 955 S.W.2d at 84.  The *Griffin* exception is "fact

specific" and should not be construed broadly.  *D.R. Horton–Tex., Ltd. v. Markel Int'l Ins.

Co.*, 300 S.W.3d 740, 744 (Tex. 2009).  It applies if under the facts pled by the plaintiff "it

would have been impossible for the insured defendant to show by extrinsic evidence that

the loss fell under the terms of the policy."  *Burlington N. & Santa Fe Ry. Co. v. Nat'l

Union Fire Ins. Co.*, 334 S.W.3d 217, 220 (Tex. 2011).  "Thus, the *Griffin* exception

applies if (1) the insurer has no duty to defend, and (2) the same reasons that negate the

duty to defend likewise negate any possibility the insurer will ever have a duty to

indemnify."  *First Mercury Ins. Co. v. Horizon Roofing, Inc.*, No. 3:12-CV-03393-O, 2013

WL 1481988, at *2 (N.D. Tex. Apr. 9, 2013) (O'Connor, J.); (citing *Griffin*, 955 S.W.2d

at 84; *Burlington N. & Santa Fe Ry. Co.*, 334 S.W.3d at 219–220; *D.R. Horton*, 300 S.W.3d

at 745).

Based on Amerisure's complaint, the issue of whether Amerisure has a duty to

defend in the California Suit is properly before the Court.  And if the Court concludes that

Amerisure has no duty to defend in the California Suit, Amerisure may be able to succeed

on its duty to indemnify claim.  Therefore, the Court finds that Thermacor's motion to

dismiss Amerisure's request for declaratory judgment that it has no duty to indemnify is

itself not ripe and that Amerisure has stated a claim for relief.

20

Accordingly, the Court finds that Theramcor's motion to dismiss the duty to indemnify claim should be and hereby is **DENIED.**

**CONCLUSION**

In light of the foregoing, the Court concludes that Amerisure's motion to dismiss should be and hereby is **DENIED** and Thermacor's motion to dismiss should be and is hereby **DENIED.**

**SO ORDERED** on this **19th day** of **March, 2021**.


Mark T. Pittman
UNITED STATES DISTRICT JUDGE